UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) | CASE NO.: **2 : 1 0** cv **340** **JUDGE FROST** **MAGISTRATE JUDGE DEAVERS** |
| Plaintiff | ) ) | JUDGE: |
| v. | ) ) ) | **COMPLAINT FOR:** **(1) COPYRIGHT INFRINGEMENT;** **(2) FEDERAL TRADEMARK** |
| TECH-MART, INC., an Ohio corporation a/k/a TECH-MART | ) ) ) | **INFRINGEMENT;** **(3) FALSE DESIGNATION OF ORIGIN,** **FALSE DESCRIPTION AND FALSE** |
| and | ) ) | **REPRESENTATION;** **(4) VIOLATION OF OHIO DECEPTIVE** |
| AYMAN ARAFA ABDELMAKSOUD, a/k/a AYMAN AVAFA ABDELMAKSOUD, a/k/a AYMAN ARAFA, a/k/a AYMAN AVAFA, an individual, | ) ) ) ) | **TRADE PRACTICES ACT;** **(5) COMMON LAW UNFAIR** **COMPETITION;** **(6) IMPOSITION OF A** **CONSTRUCTIVE TRUST; and** |
| Defendants | ) ) | **(7) AN ACCOUNTING** |

This is an action by Microsoft Corporation ("Microsoft") to recover damages arising from infringement of its copyrights and trademarks in its software by Tech-Mart, Inc., an Ohio corporation a/k/a Tech-Mart ("Tech-Mart"), and Ayman Arafa Abdelmaksoud, a/k/a Ayman Avafa Abdelmaksoud, a/k/a Ayman Arafa, a/k/a Ayman Avafa ("Abdelmaksoud"), an individual, (collectively, "Defendants"), and to enjoin Defendants' future infringement. Defendants are distributors of computer hardware and software who continued to distribute infringing Microsoft software even after Microsoft warned them about their illegal activity. By this conduct, Defendants have infringed Microsoft's copyrights and trademarks, violated the Lanham Act by

falsely designating the origin of software and/or related components, and committed unfair and deceptive trade practices. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and the entry of a permanent injunction.

## THE PARTIES

1.      Microsoft is a Washington corporation with its principal place of business in Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2.      Upon information and belief, Defendant Tech-Mart is or was an Ohio corporation that does business in Lewis Center, Ohio, and on the Internet. Upon information and belief, Defendant Tech-Mart is engaged in the advertising, marketing, and distribution of computer hardware and software, including Microsoft software.

3.      Upon information and belief, Defendant Abdelmaksoud, an individual, is an officer, shareholder, and/or director of, or owns, operates, or otherwise controls Tech-Mart. Upon information and belief, Abdelmaksoud resides and/or transacts substantial business in this district. Upon information and belief, Abdelmaksoud (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Ohio pursuant to 28 U.S.C. § 1367(a) because these claims are so related to

2

Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Southern District of Ohio and (b) Defendants may be found in the Southern District of Ohio.

## FACTS COMMON TO ALL CLAIMS

### Microsoft Owns Federally Registered Copyrights And Trademarks That Cover A Number of Popular Computer Software Programs

7.     Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on magnetic diskettes and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, and other components.

8.     <u>Microsoft Windows XP</u>:     Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows XP ("Windows XP"). Windows XP is an operating system for desktop and laptop systems. It performs a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored on Windows XP desktops from network connections. Microsoft holds a valid copyright in Windows XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows XP, bearing the number TX 5-407-055, is attached hereto as Exhibit 1 and is incorporated by reference.

3

9.     Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B.     "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C.     WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit; and

D.     COLORED FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software and manuals sold as a unit therewith;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated herein by reference.

**Defendants Infringed Microsoft's Registered Copyrights And Trademarks**

10.     Defendants are engaged in the advertising, marketing, and distribution of computer hardware and software, including programs covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof.

11.     By letter dated November 24, 2009, Microsoft notified Defendants it had received a report that Defendants may have distributed illegal Microsoft software and informed them of the consequences of such misconduct.

12.     In or about February of 2010, Defendants distributed to an investigator a computer system with infringing Windows XP Pro software.

4

13.     On information and belief, this is not an isolated incident. Rather, Defendants have been and continue to be involved in advertising, marketing, offering, installing and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants' advertising and marketing the availability of such materials.

14.     On information and belief, Defendants' wrongful conduct includes the use, advertising, marketing, offering, and/or distribution of "infringing materials," specifically reproductions, counterfeits, copies, or colorable imitations of the Microsoft copyrighted software and/or the Microsoft trademarks, logos, and service mark described in this Complaint.

15.     On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks.

16.     On information and belief, Microsoft has been harmed by the advertising activities, including the unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing. Through this conduct, Defendants have misappropriated Microsoft's advertising ideas and style of doing business and have infringed Microsoft's copyrights, titles, and slogans.

17.     On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's copyrights, titles, and slogans.

## COUNT I

### (Copyright Infringement – Against All Defendants)

18.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19.     Microsoft is the sole owner and licensor of Microsoft Windows XP Pro, and of the corresponding copyright and Certificate of Registration.

20.     Defendants have infringed the copyrights in Microsoft's software, including but not limited to, Microsoft Windows XP Pro, by distributing infringing materials in the United States of America without approval or authorization from Microsoft.

21.     Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

22.     As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement.  17 U.S.C. § 501.  Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

23.     In addition, because Defendants' infringement has been willful, the award of statutory damages may be enhanced in accordance with 17 U.S.C. § 504(c)(2).

24.     Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a)

Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT II

### (Trademark Infringement – Against All Defendants)

25.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 24, inclusive.

26.     Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including, but not limited to, 15 U.S.C. § 1114(1).

27.     Because Microsoft has marketed, advertised, promoted, distributed, and licensed its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from those of others in the same field or related fields.

28.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify software of Microsoft.

29.     The infringing materials that Defendants have and are continuing to use, market, offer, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

30.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are using, advertising, marketing, offering, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

31.     Upon information and belief, Defendants used, advertised, marketed, offered or distributed infringing material with the willful purpose of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

32.     Defendants' conduct has been willful within the meaning of the Lanham Act.  At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

33.     As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement.  15 U.S.C. § 1114(1).  Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill.  Microsoft is entitled to recover damages, which include its losses, and any and all profits Defendants have made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

34.     In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, the award of statutory damages may be enhanced in accordance with 15 U.S.C. § 1117(c)(2).

35.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials being used, offered, marketed,

or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A), and pursuant to 28 U.S.C. § 1651. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or misled as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

36.     Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## COUNT III

### (False Designation Of Origin, False Description, And False Representation Of Microsoft Packaging – Against All Defendants)

37.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36, inclusive.

38.     Microsoft has designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software.

39.     Defendants' wrongful conduct includes the use, advertising, marketing, offering, or distribution of "imitation visual designs," specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs. Defendants' use, advertising, marketing, offering, or distribution of imitation visual designs constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual

9

images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

40.     Upon information and belief, Defendants used, advertised, marketed, offered, or distributed imitation visual designs with the willful purpose of misleading or confusing customers and the public as to the origin and authenticity of the imitation visual designs and of trading upon Microsoft's goodwill and business reputation.

41.     Defendants' use, advertising, marketing, offering, and distribution of imitation visual designs are likely to continue unless restrained and enjoined.

42.     As a result of Defendants' use, marketing, offering, and distribution of imitation visual designs, Microsoft has suffered and will continue to suffer damage and losses, including, but not limited to, irreparable injury to its business reputation and goodwill. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation visual designs being used, offered, marketed, or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's visual designs are unique and valuable property which have no readily determinable market value, (b) Defendants' use, marketing, or distribution of imitation visual designs constitutes harm to Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## COUNT IV

### (Violation of the Ohio Deceptive Trade Practices Act – Ohio Revised Code Chapter 4165.01 et seq. Against All Defendants)

43.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42, inclusive.

44.     Defendants' actions constitute unfair, unconscionable and/or deceptive trade practices in the course of their business and in the conduct of trade or commerce, in violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code chapter 4165.01 et seq.  In that regard, Defendants' actions have caused and will continue to cause a likelihood or probability of confusion or misunderstanding as to the source, affiliation, sponsorship, approval or certification of software and/or components installed, marketed, manufactured, distributed, advertised and/or duplicated by Defendants.

45.     Defendants' conduct as alleged above has damaged and will continue to damage Microsoft's goodwill and reputation and has resulted in losses to Microsoft and an illicit gain of profit to Defendants in an amount that is unknown at the present time.

46.     Microsoft is also entitled to recover its attorneys' fees pursuant to Ohio Revised Code § 4165.03(B).

## COUNT V

### (Ohio Common Law Unfair Competition Against All Defendants)

47.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Ohio.

49.     Defendants' conduct as alleged above has damaged and will continue to damage Microsoft's goodwill and reputation and has resulted in losses to Microsoft and an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## COUNT VI

### (For Imposition Of A Constructive Trust Upon Illegal Profits – Against All Defendants)

50.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49, inclusive.

51.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

52.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

53.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

54.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

## COUNT VII

### (Accounting – Against All Defendants)

55.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 54, inclusive.

12

56.    Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

57.    Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

58.    The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Microsoft Corporation respectfully requests judgment as follows:

1.    That the Court enter a judgment against Defendants that they have:

(a)    willfully infringed Microsoft's rights in the following federally registered copyright in violation of 17 U.S.C. § 501:

(1)    TX 5-407-055 ("Windows XP Professional");

(b)    willfully infringed Microsoft's rights in the following federally registered trademarks and service mark in violation of 15 U.S.C. § 1114:

(1)    1,200,236 ("MICROSOFT");

(2)    1,256,083 ("MICROSOFT");

(3)    1,872,264 ("WINDOWS"); and

(4)    2,744,843 (COLORED FLAG DESIGN);

(c)    committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

13

(d)     engaged in unfair and deceptive trade practices and unfair methods of competition in violation of Ohio Revised Code chapter 4165.01 <u>et seq</u>. and Ohio common law; and

(e)     otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

2.     That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of the software and/or materials now or hereafter protected by the following copyright Certificates Registration Nos.:

(1)     TX 5-407-055 ("Windows XP Professional");

(b)     imitating, copying, or making any other infringing use or infringing distribution of any software and/or materials now or hereafter protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1)     1,200,236 ("MICROSOFT");

(2)     1,256,083 ("MICROSOFT");

(3)     1,872,264 ("WINDOWS"); and

(4)     2,744,843 (COLORED FLAG DESIGN);

(c)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software, component, or thing bearing any simulation, reproduction, counterfeit,

14

copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, those listed in Sections (2)(a) and (2)(b) above;

        (d)    using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to those listed in Sections (2)(a) and (2)(b) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software, component, or thing not authorized or licensed by Microsoft;

        (e)    using any designation of origin or description that can or is likely to lead anyone to believe that any software, component, or thing has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

        (f)    using reproductions, counterfeits, copies or colorable imitations of Microsoft's copyrighted and trademark protected software and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of any merchandise not authorized or licensed by Microsoft;

        (g)    using the names, logos, or other variations thereof of any of Microsoft's copyright and/or trademark-protected software in any of Defendants' trade or corporate names;

        (h)    engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

(i)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

3.    That the Court enter an order of impoundment pursuant to 15 U.S.C. § 1116(a)(d)(1)(A), 17 U.S.C. §§ 503 and 509(a), and 28 U.S.C. § 1651(a) impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that are in Defendants' possession or under their control;

4.    That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software and/or materials;

5.    That the Court enter an order requiring Defendants to provide Microsoft a full and complete accounting of all profits obtained from their marketing or distribution of counterfeit and infringing copies of Microsoft's software and/or materials and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities;

6.    That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a)    Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or, alternatively, statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

(b)    Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) or, alternatively, statutory damages pursuant to 15 U.S.C. §1117(c)(2), for Defendants' willful violation of Microsoft's registered trademarks and service mark; and

16

(c)     Microsoft's damages and Defendants' profits pursuant to Ohio Revised Code chapter 4165.01 et seq. and Ohio common law.

7.     That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

8.     That the Court grant to Microsoft such other and additional relief as is just and proper.


Robert E. Chudakoff (0038594), Trial Attorney
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street – Suite 1100
Cleveland, Ohio  44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
rchudakoff@ulmer.com


Christine E. Watchorn (0075919)
ULMER & BERNE LLP
88 East Broad Street – Suite 1600
Columbus, Ohio  43215-3581
Tel: (614) 229-0000
Fax: (614) 229-0001
cwatchorn@ulmer.com

Attorneys for Plaintiff
Microsoft Corporation

1833310v1
17999.00107